[No. 12732. Department Two. — May 2, 1890.]

ANDREW CRAWFORD, RESPONDENT, v. INDEPENDENT STOVE PIPE WORKS ET AL., DEFENDANTS. CATHERINE BORNHEIMER, APPELLANT.

APPEAL — REVIEW OF CONFLICTING EVIDENCE — PROVINCE OF JURY. — When the evidence is substantially conflicting, the verdict of the jury will not be disturbed on the ground of the insufficiency of the evidence to justify the verdict. It is for the jury to determine whom they will believe in such case.

PARTNERSHIP — LIABILITY OF SECRET PARTNER NOT INCLUDED IN WRITTEN ARTICLES — INSTRUCTIONS. — In an action against a partnership, involving the liability of one who denies belonging to the partnership, and who was not included as a partner in the written articles of part-

nership, it is proper to instruct the jury that as to third parties written agreements of copartnership are not conclusive evidence as to the question of partnership; that there may be secret agreements of partnership outside of written papers; and that the jury may consider evidence tending to show that the person whose liability is questioned furnished all the money for the firm business, and that the ostensible partnership was not *bona fide*, but was a mere devise to protect such person from loss while sharing in the profits, in connection with the question whether such person was in fact a partner, and that such person, if a partner, whether secret or disclosed, comes under the firm's liability.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The instructions excepted to by defendant, and referred to in the opinion of the court, were as follows: "As to third parties, written agreements of copartnership are not conclusive evidence as to the question who were members of the copartnership. There may be secret agreements of copartnership outside of written papers; and if the jury should believe from the evidence that Mrs. Bornheimer furnished all the money for the transaction of the business of the firm, that neither of the ostensible partners had any means, that the ostensible partnership was not *bona fide*, but was a mere device to protect Mrs. Bornheimer from loss in case the business proved unprofitable, and permitting her to share in the profits, such facts, if proven, are proper for the jury to consider in connection with the question whether or not Mrs. Bornheimer was in fact a partner. If she was a partner, whether secret or disclosed, then if the partnership is liable, she comes under the firm's liability."

*George E. Lawrence*, for Appellant.

The instructions excepted to were erroneous. There can be no partner outside of the partnership agreement. Unless there is proof of a partnership agreement, there is no proof of partnership. (Civ. Code, sec. 2395; *Quackenbush* v. *Sawyer*, 54 Cal. 440; *Noblit* v. *Bonaffon*, 81 Pa.

St. 15; *Levy* v. *McDowell*, 45 Tex. 220; *Wheeler* v. *Farmer*, 38 Cal. 203.) Defendant's motion for a nonsuit should have been granted, there being no proof of her partnership. (*Gilman* v. *Bootz*, 63 Cal. 120; *Clark* v. *Ritter*, 59 Cal. 669; Code Civ. Proc., sec. 581, subd. 5; *Masten* v. *Griffing*, 33 Cal. 111; *Johnson* v. *Moss*, 45 Cal. 518.) Where there is a partnership agreement, that is the only evidence of the real *status* of the parties to each other. (1 Collier on Partnership, 7, note 9; *Coulter* v. *Thomas*, 25 Vt. 73; *Robins* v. *Laswell*, 27 Ill. 365; *Stevens* v. *Faucett*, 24 Ill. 483; *Phillips* v. *Phillips*, 49 Ill. 437; *Neihoff* v. *Dudley*, 40 Ill. 406; *Lintner* v. *Milliken*, 47 Ill. 178; *Clark* v. *Reed*, 11 Pick. 446; *Hazzard* v. *Hazzard*, 1 Story, 371; *Salter* v. *Ham*, 31 N. Y. 321.)

*E. W. McGraw*, for Respondent.

The charge of the court was entirely in accordance with the law. The following cases are authority for both the verdict and the instructions complained of: *Reed* v. *Kraemer*, 111 Pa. St. 485; *Allen* v. *Dunn*, 15 Me. 292; *Smith* v. *Moynahan*, 44 Cal. 53.

SHARPSTEIN, J.— The plaintiff in his complaint alleges that "the Independent Stove and Pipe Works is a copartnership, doing business in the city and county of San Francisco, and that the defendants, Jacob Broeder, Francis Bornheimer, and Catherine Bornheimer, were members of and comprised said firm." And that, on April 15, 1885, said defendants became indebted to plaintiff in the sum of $307, on a balance of account of goods, wares, and merchandise theretofore sold and delivered by plaintiff to said copartnership at its special instance and request; that defendants have not paid said sum or any part thereof, but the whole remains due and owing by defendants to plaintiff.

Defendants Francis Bornheimer and Jacob Broeder answer jointly, denying that they and defendant Cath-

erine Bornheimer were members of or composed said alleged copartnership, and denied that at any time said defendants were indebted to plaintiff in said sum of $307, or any other sum.

Defendant Catherine Bornheimer answered separately, denying that she was ever a member of said copartnership, or that the defendants or she was indebted to the plaintiff in any sum whatever. The action was tried by a jury, which returned a verdict against all the defendants in favor of the plaintiff, assessing his damages at the sum of $307, for which sum a judgment was entered in his favor against all the defendants. Defendant Catherine Bornheimer moved for a new trial, which was denied, and from that order and the judgment against her she appeals.

The grounds upon which appellant mainly relies for a reversal of the order denying her motion for a new trial are, that the evidence shows she was not a partner with her co-defendants, and that she never held herself out to the plaintiff as a partner of said co-defendants.

There is evidence that she did and evidence that she did not so hold herself out to the plaintiff as a partner with her co-defendants for the purpose of obtaining credit with the plaintiff for the goods sold to said partnership. The plaintiff testifies that she did; she testified that she did not. It was for the jury to determine whom they would believe, and the court below having denied a new trial, we cannot disturb the order on the ground of insufficiency of the evidence to justify the verdict.

The instructions of the court to the jury, and excepted to by appellant, are not erroneous.

Judgment and order affirmed.

McFARLAND, J., and THORNTON, J., concurred.