# KENNEDY & SHAW LUMBER COMPANY v. TAYLOR et al.

## No. 14,182; December 8, 1892.

### 31 Pac. 1122.

Partnership—Assuming Antecedent Debts of Members.—Civil Code, section 2395, provides that "a partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them." Held, that a partnership was formed where a contractor, on assigning his contract to others, made a written agreement with them, which agreement provided that the contractor was to do the work, that the parties taking the contract were to furnish the money to carry it on, and receive the payments made as the work progressed, but that the profits were to be equally divided between them.

Partnership.—Material was Sold and Delivered to the contractor before the agreement of partnership was made, and was afterward used in the work. Held, that a finding that the partnership assumed payment thereof was justified.

APPEAL from Superior Court, City and County of San Francisco; E. R. Garber, Judge.

Action by the Kennedy & Shaw Lumber Company against Joseph W. Taylor, W. S. Somervell and E. Lund, as co-partners, for the recovery of money. From a judgment for

plaintiff, and from an order denying their motion for a new trial, defendants Taylor and Somervell appeal.   Affirmed.

J. C. Bates for appellants; Langhorne & Miller for respondent.

VANCLIEF, C.—This is an action to recover from the defendants, as copartners, the sum of $1,815.59 for lumber sold and delivered to them by plaintiff.   The defendant Lund failed to answer, and his default was entered.   The other defendants answered, denying all material allegations of the complaint.   The cause was tried by the court, and a joint judgment was rendered against all the defendants.   The defendants Taylor and Somervell appeal from the judgment, and from an order denying their motion for a new trial.

The principal point made by appellants is that the finding by the court that the defendants were copartners is not justified by the evidence.   On June 18, 1889, the defendant Lund entered into a written agreement with Antonelle and Doe, whereby he agreed to do certain work on section 8 of the seawall along the waterfront of San Francisco, and to furnish all materials therefor, and to purchase the lumber needed for the performance of the agreement on his part from the plaintiff.   The defendants Taylor and Somervell executed to Antonelle and Doe their bond, guaranteeing that Lund would perform his contract.   On June 20, 1889, Lund assigned his agreement with Antonelle and Doe to Taylor and Somervell, and at the same time the following written agreement was executed between Lund, Taylor and Somervell:

"This agreement, made and entered into by and between Jos. W. Taylor and W. S. Somervell, parties of the first part, and E. Lund, party of the second part, all of the city and county of San Francisco, state of California, witnesseth: The parties of the first part agree to furnish, as required, all moneys necessary to fulfill and carry out all the conditions of that certain contract and agreement made and entered into by and between Antonelle and Doe and E. Lund (party of the second part therein), dated June 18, 1889. For such moneys so advanced and paid, the party of the second part, E. Lund, is to give his whole time and energy to the successfully carrying on and completing of the afore-

said contract in every particular. The parties of the first part, J. W. Taylor and W. S. Somervell, shall collect all moneys due and owing, or to become due and owing, on account of such contract, pay all bills as presented, and keep or have kept a faithful book of records showing receipts and disbursements, where any and all parties to this agreement shall have free access to review the same at all reasonable times, and make such notes as he may desire therefrom; and, after all just and equitable bills are fully paid and satisfied, the remainder of any moneys remaining as a profit on such contract is to be and shall be divided between the parties hereto equally, share and share alike.

"Witness our hands and seals this 21st day of June, A. D. 1889.

> "J. W. TAYLOR.
> "W. S. SOMERVELL.
> "E. LUND."

Though this agreement is dated June 21st, the court found that it was executed on June 20th, and the evidence justifies this finding. The evidence shows without conflict that this agreement was executed at the same time that Lund assigned his contract with Antonelle and Doe to Taylor and Somervell, which assignment was acknowledged before a notary public, whose certificate is dated June 20th. The evidence further shows that Taylor and Somervell received the installments paid on the contract as the work progressed, and paid the laborers and many other expenses, but failed to pay plaintiff for the lumber delivered mostly on the orders of Lund, but a part of it on their orders.

I think the agreement above set out, and the acts of the parties under it, sufficiently evince a partnership to justify the finding in question: Civ. Code, sec. 2395. The only evidence claimed to be opposed to the finding is that plaintiff, having no knowledge of the partnership while the lumber was being delivered, charged to Lund all that part of the lumber ordered by him. But in cases of secret partnerships and dormant partners a creditor is entitled to recover from all the partners when discovered: Story on Partnership, sec. 138; Crawford v. Stovepipe Works, 83 Cal. 629, 24 Pac. 836. By the agreement assigned to Taylor and Somervell, under which the work was to be done, they were bound to purchase

the lumber from plaintiff; and, by their partnership agreement with Lund, Taylor and Somervell were to pay for the lumber and all other materials required for the work. A small part of the lumber, the price of which was $192.28, had been delivered to Lund, but not used, before the written agreement of partnership was executed, and was afterward used in the work. Counsel for appellants contends that Taylor and Somervell are not responsible for this in any event. I think, however, that the partnership agreement, and the fact that the lumber was used by the firm in the work, justified the court in finding that the partnership assumed the debt: Randall v. Hunter, 66 Cal. 512, 6 Pac. 331. Other points are made on the admission and exclusion of evidence, but in view of the existence of the partnership they are immaterial, and the rulings excepted to harmless. I think the judgment and order should be affirmed.

We concur: Foote, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.