66   512
78   460

[No. 8,922.   Department Two.—March 8, 1885.]

A. W. RANDALL, APPELLANT, v. W. S. HUNTER ET AL.,
RESPONDENTS.

PARTNERSHIP—INDIVIDUAL DEBT OF PARTNER—ASSUMPTION OF BY FIRM—FIRM
NOTE.—Where a partnership agreement provides that an existing individ-
ual debt of one of the partners shall be assumed and paid by the firm,
either of the partners has authority to execute the note of the firm to secure
the payment of such indebtedness.

APPEAL from a judgment of the Superior Court of Humboldt
County, and from an order refusing a new trial.

Action on a promissory note.   The facts are sufficiently stated
in the opinion of the court.

S. M. Birch, J. J. DeHaven, and Cope & Boyd, for Appel-
lant.

The facts do not show a giving of the firm note by one part-
ner to secure his individual indebtedness.   Such indebtedness

had been assumed by the firm, by agreement between the part-
ners. (*Hester* v. *Lumpkin*, 4 Ala. 509.)    Plaintiff had a right
to accept the firm note, and thereby ratify the agreement made
between the partners for his benefit. (*Colt* v. *Wilder*, 1 Edw.
Ch. 484; *Arnold* v. *Nichols*, 64 N. Y. 118; *Brown* v. *Curran*,
14 Hun, 262; *Melvain* v. *Tomes*, 14 Hun. 33; *Claflin* v. *Ostrom*,
54 N. Y. 584; *Thorp* v. *The Keokuk*, 48 N. Y. 257.)

*J. D. H. Chamberlin*, and *G. W. Hunter*, for Respondents.

When a note is given in the name of the firm by one of the
partners for his private debt, with the knowledge of the person
taking the note, the other partner is not bound, unless he con-
sents to or ratifies the transaction. (*Rich* v. *Davis*, 6 Cal. 141;
*Foot* v. *Sabine*, 19 Johns, 155; *Boyd* v. *Plumb*, 7 Wend. 311.)

SHARPSTEIN, J.—It is found that one Long gave his note to
defendant Gill for $1000, and that he transferred the same to
plaintiff. Afterwards Long sold his interest in a stock of
goods to Gill, and he agreed, in consideration thereof, to pay
Long's note, which was held by plaintiff. Subsequently de-
fendant Hunter purchased of Gill a half interest in the stock of
goods, and they became partners, under the firm name of Gill
& Hunter. "As part payment for said property and business
purchased from said Gill, defendant Hunter agreed to pay one-
half of all the indebtedness of said Gill theretofore incurred by
him in the purchase of said property, and in carrying on said
business, and the firm of Gill & Hunter assumed and agreed to
pay all of such indebtedness." Afterwards, and while the firm
still existed, the defendant Gill executed to the plaintiff, in the
name of the firm, the note sued on, "as security for the pay-
ment of said note of C. W. Long, then owned by plaintiff,"
being the note which defendant Gill had agreed with Long to pay.

The liability of the firm to pay the note sued on depends on
the authority of Gill to give the note of the firm for the pur-
pose for which it was given. If Gill incurred any indebtedness
to the plaintiff by purchasing Long's interest in the goods, it is
quite clear that the firm was liable for such indebtedness, and
either partner might give the note of the firm therefor. And
by assuming the payment of Long's note to plaintiff, Gill cer-

tainly incurred an indebtedness to plaintiff, which indebtedness existed at the time when Hunter purchased a half interest in the goods from Gill, and they two became partners. That being so, the judgment must be reversed; and, if there were not other findings in conflict with the foregoing, the plaintiff would be entitled to judgment on the findings. The findings which conflict with those above referred to, are: That the note was given in payment of, or as security for, the sum of $1000, borrowed by Gill individually, in his own name, for his own use, and not in the name or for the use or benefit of the firm; and that none of the money so borrowed was used for the benefit of the firm. That these facts were all well known to the plaintiff when he took the note; and that Hunter has never in any way ratified the transaction.

Giving a note for money borrowed for his (Gill's) own use and benefit, was a different thing from giving one as security for the payment of an indebtedness which the firm had assumed the payment of. We are urged, but shall not attempt, to reconcile these findings, which, to us, appear to be utterly irreconcilable.

Judgment reversed, and cause remanded for a new trial.

THORNTON, J., and MYRICK, J., concurred.