[No. 11237. — Department One. — May 23, 1888.]

## A. W. RANDALL, RESPONDENT, *v.* W. S. HUNTER ET AL. W. S. HUNTER, APPELLANT.

PARTNERSHIP — AGREEMENT TO PAY INDIVIDUAL DEBT — FIRM NOTE. — Where a partnership agreement provides that an existing individual debt of one of the partners shall be assumed and paid by the firm, either of the partners has authority to execute the note of the firm to secure the payment of such indebtedness.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. D. H. Chamberlin,* and *G. W. Hunter,* for Appellant.

*S. M. Buck,* and *J. J. De Haven,* for Respondent.

McFARLAND, J.—The appellant, W. S. Hunter, and C. W. Gill, were partners, doing a general merchandising business in Petrolia, Humboldt County, under the firm name of Gill & Hunter. While they were thus partners, Gill, on May 25, 1881, made and delivered to the plaintiff, Randall, a partnership promissory note for

one thousand dollars, signing to it the firm name, "Gill & Hunter," and to recover the balance due upon said note, this action was brought. Gill made default, and Hunter answered, setting up the defense that Gill, to plaintiff's knowledge, made the note without Hunter's knowledge or consent, for Gill's individual use and benefit, and not in the business, or for the use of the firm, etc. The jury rendered a verdict for the amount of the balance due on the note, and judgment was entered for that amount. From this judgment, and from an order denying a new trial, Hunter appeals.

Gill was originally the sole owner of the business, stock of goods, etc., and had sold an undivided one half to one C. W. Long. Long had paid Gill for the one-half interest some fifteen hundred dollars in cash, and had given him his two promissory notes for one thousand dollars each. One of these notes Gill had given to plaintiff Randall as security for money furnished by Randall to Gill. A short time after Long had bought into the business he resold to Gill upon the same terms as those upon which he had bought. The fifteen hundred was repaid to him, and one of the promissory notes redelivered, but the other, being held by Randall, could not be, at that time, redelivered to Long, and Gill agreed to take care of said note, and to protect Long from any liability on it. About the time Long resold to Gill, the defendant Hunter purchased from Gill the one-half interest which Long had held; and within two months afterward Gill took up the note made by Long, and held by plaintiff Randall, by giving to the latter the firm note of Gill & Hunter, upon which this suit was brought.

Now, it was claimed at the trial that it was part of the transaction of the sale from Gill to Hunter, that the firm of Gill & Hunter should pay the indebtedness of Gill to Randall, and that the said firm note sued on was made with the knowledge and consent of Hunter, and that the latter acquiesced in and ratified it. This

appellant denied, and the issue thus made was passed upon by the jury adversely to appellant.

The case comes here upon exceptions to rulings of the court upon the admissibility of evidence, and to instructions to the jury given and refused. These exceptions are numerous, and no one is more entitled to special notice than either of the others. They involve no particular principle of law or rule of practice, and are of no general importance. We think, therefore, that no useful purpose would be served by noticing in detail each individual exception, and it is sufficient to say that in our opinion no material error can be found in the rulings of the court, and that the instructions fairly presented the issue to the jury. When the case was here before, this court held that "where a partnership agreement provides that an existing individual debt of one of the partners shall be assumed and paid by the firm, either of the partners has authority to execute the note of the firm to secure the payment of such indebtedness." (*Randall* v. *Hunter*, 66 Cal. 512.)

Judgment and order denying a new trial affirmed.

McKINSTRY, J., and TEMPLE, J., concurred.