[Civ. No. 5329. First Appellate District, Division One.—December 29, 1926.]

## JULIA FANTA, as Executrix, etc., Respondent, v. W. T. MADDEX, Appellant.

[1] LANDLORD AND TENANT—ASSIGNMENT OF LEASE—ACCEPTANCE BY LESSOR—RIGHT OF ASSIGNEE.—Where the lessor assented to the assignment of a lease and accepted the assignee as tenant under the terms of the lease subject to all of its provisions, a privity of contract as well as a privity of estate was thereby created between the lessor and assignee, and the assignee acquired the leasehold estate for the remainder of the term provided in the lease.

[2] ID.—RECEIPT FOR RENT — EFFECT ON LEASE — ASSIGNMENT — PARTIES.—A receipt given the lessee by the lessor, on which was stated the balance due under the lease at the time of the assignment, could not operate to shorten the term of the lease, but was a mere acknowledgment by way of compromise of the receipt of the rent of the premises up to a certain date and was not binding on the assignee, who was not a party to it.

[3] ID.—ORAL ACCEPTANCE OF ASSIGNMENT — SUBSEQUENT WRITTEN ASSIGNMENT—STATUTE OF FRAUDS.—Where the receipt for rent and the assignment were executed at the same time and as one transaction, and the receipt was shown to the assignee, who agreed thereto, his agreement was at best but an oral agreement which preceded or accompanied the written assignment of the lease, which superseded the oral negotiations under section 1625 of the Civil Code.

[4] ID.—TERM OF LEASE—COMPLETION OF BUILDING—TIME.—Under a lease providing for a term commencing on the day a building should be completed, the time of completion was controlling as to the commencement of the term, even though the building was not completed until two months or more later than it was expected to be at the time of making the lease.

[5] ID.—INCONSISTENT FINDINGS—JUDGMENTS.—In an action for rent due under a lease providing for a term of ten years after the completion of the building, a finding that the leased building was completed February 1, 1913, is inconsistent with a finding that the term of the lease expired November 30, 1922, and the judgment based upon such inconsistent findings cannot stand.

1. See 15 Cal. Jur. 744, 751; 16 R. C. L. 848.
4. See 15 Cal. Jur. 620.

[6] ID.—COMPLETION OF BUILDING "BY" CERTAIN DATE—MEANING OF WORD "BY"—FINDINGS.—In such action a finding that the building was completed and ready for occupancy "by" February 1st meant as soon as, not later than, February 1st.

(1) 35 C. J., p. 995, n. 69, 70.    (2) 35 C. J., p. 995, n. 72.    (3) 35 C. J., p. 995, n. 72.    (4) 35 C. J., p. 973, n. 3.    (5) 33 C. J., p. 1173, n. 56; 38 Cyc., p. 1986, n. 82.    (6) 9 C. J., p. 1109, n. 59, 60, 66.

APPEAL from a judgment of the Superior Court of Los Angeles County. Percy S. King, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Harry Lyons for Appellant.

Meserve & Meserve for Respondent.

CAMPBELL, J., pro tem.—This is an appeal from a judgment rendered in favor of respondent and against appellant in the sum of $5,000, with interest thereon from February 1, 1923.

In the month of September, 1912, B. Fanta, now deceased, was constructing an apartment house on the corner of Union and Tenth Streets in the city of Los Angeles. On September 20, 1912, he entered into a lease of the apartment house then under construction and known as the "Fanta Apartments," leasing the same to Louettie A. Zuber for a term of ten years "commencing on the day said building shall be completed and ready for occupancy for the purpose of an apartment house," and providing that the first month which the lessee should occupy the premises should be free and that the lessee should not be required to pay any rental for such month. The rental provided to be paid by the lease was $47,600 for the ten-year term in installments as follows: $400 on the execution of the lease, for which the lessor was to give a receipt for the rental for the month of January, 1913, and $400 on the first of each and every month thereafter during the term of the lease until the whole sum of $47,600 was paid to the lessor by the lessee. The lease further pro-

vided that should the lessee hold over after the expiration
of the term with the consent of the lessor expressed or im-
plied, said tenancy should be deemed a tenancy from month
to month at the rental of $400 per month.

At the time the lease was entered into it was expected that
the building would be completed and ready for occupancy by
the first day of December, 1912, and that the lessee should
have the use of the building, rent free, during that month,
and that her rent should commence on January 1, 1913.  The
contractor of the building abandoned his contract, and plain-
tiff completed it on force account.  The building, as found
by the court, ''was completed and ready for occupancy, for
all purposes for which the same was leased, namely, an apart-
ment house, by the first day of February, 1913.''

During the year 1913 Louettie A. Zuber was making claim
against the lessor for damages because she did not get into
the premises in the month of December, 1912.  She paid rent
at the rate of $400 per month for the twelve months of the
year 1913.  In December of that year she desired to assign
the lease to appellant.  This assignment the lessor, B. Fanta,
declined to consent to unless Louettie A. Zuber would waive
her claim for damages.  On December 30, 1913, Louettie A.
Zuber and B. Fanta adjusted their controversy, and Fanta
delivered to Mrs. Zuber, appellant's assignor, a receipt ac-
knowledging one year's rent from January, 1913, to Janu-
ary, 1914.  In consideration thereof appellant's assignor
released B. Fanta from all claims and demands growing out
of the latter's failure to complete the building on time,
and at the same time appellant's assignor delivered to ap-
pellant the following instrument:

''For valuable consideration, I hereby assign, set over and
transfer all my right, title and interest to the within lease
to W. T. Maddex, subject to the same terms of said lease
and all the conditions therein set out, which the said assignee
hereby assumes, and subject to the mortgage of B. Fanta,
now of record, covering the furniture in said building in
accordance with the terms of said lease and said mortgage.

''Dated December 30, 1913.

''MRS. L. A. ZUBER
''W. T. MADDEX

"I hereby accept the above assignee as tenant under the terms of said lease subject to all the terms of said lease and said mortgage.

"B. FANTA

"Dated December 30, 1913."

The receipt given to Mrs. Zuber by B. Fanta is as follows:

"Received of Mrs. L. A. Zuber $4800.00 in full for rent on lease Sept. 20, 1912, on Aptmt. building Union Ave. and 10th str. from Jany. 1st, 1913, to Jany. 1st, 1914. Balance of $42,800.00 to be paid by W. T. Maddex, her assignee.

"B. FANTA."

Upon the execution of the assignment of the lease appellant entered into the possession of the premises, occupying them until the last day of February, 1923, when he surrendered the possession and moved out. On February 1, 1923, he tendered the lessor $400 as rent for such month of February, which the lessor refused.

[1] By said assignment and assent respondent accepted appellant as tenant under the terms of said lease and subject to all provisions thereof. A privity of contract in addition to a privity of estate was created thereby between the lessor and appellant (*Realty & Rebuilding Co.* v. *Rea,* 184 Cal. 565 [194 Pac. 1024]), and appellant acquired a leasehold estate for the remainder of the term, that is to say, for the time remaining from the date of the completion of the building as provided in said lease. [2] The receipt given by respondent to appellant's assignor could not operate to shorten the term of the lease, but was a mere acknowledgment by way of compromise of the receipt of rent for the premises up to January 1, 1914.

It was an adjustment of a difference between B. Fanta and Louettie A. Zuber and not binding on appellant, who was not a party to it, and could not operate to change the terms of the written assignment executed by Louettie A. Zuber and appellant, and which was accepted in writing by B. Fanta, now deceased, but formerly the plaintiff in the action and for whom respondent as executrix of his will has been substituted.

[3] Respondent urges that while there is a conflict in the evidence as to whether appellant knew of the receipt given by B. Fanta to his assignor, Julia Fanta testified that

all the papers were executed at the same time and as one transaction and that appellant was shown the receipt and agreed thereto. His agreement thereto is at best but an oral agreement which preceded or accompanied the written assignment of the lease executed by Louettie A. Zuber and himself and which written assignment superseded such oral negotiations (Civ. Code, sec. 1625). This principle is so well established that it does not require the citation of authorities.

[4] The intention of the parties to retain all the terms of the lease is evidenced beyond any doubt by this assignment to appellant executed at the same time, wherein it was expressly stipulated that the terms of the lease remained in force and that the assignment was made subject to all of its terms. The contention of respondent, accepted by the trial court in its findings, that by means of a mathematical calculation of the total rental to be paid under the lease and the recitals of the receipt, the amount of rent was fully paid up by November 30, 1922, is irreconcilable with the fact that the building was not completed or ready for occupancy on the 30th of November, 1912, and the court found that the building was not completed for some two months later. The time of the completion of the building is controlling under the lease as to the commencement of the term thereof. As has been said, it is obvious from the lease that the parties understood that the building would be completed by the 1st of December, and it is equally evident therefrom that the term of the lease was fixed for the period of ten years from the date of such completion.

In the case of *Lang* v. *Pacific Brewing etc. Co.*, 44 Cal. App. 618 [187 Pac. 81], it was provided in the lease that the term should commence on the first day of August, 1907, and continue for ten years thereafter, provided that the building would be erected by that time, and it was stipulated that in the event of the failure of the lessor to erect said building by said time no rental should be payable by the lessee. The building was not completed by the first day of August, 1907, but was completed only in January, 1908, and the lessee entered into possession at that time. On the first day of August, 1917, the lessee surrendered possession, claiming that the term of the lease expired on that day. The lessor refused to agree to such termination and contended that the term of the lease began only when the build-

ing was completed and ready for occupancy and did not expire until ten years from that day, that is to say, on February 1, 1918. He brought an action to recover the rent for the period of six months, and the court held that under the terms of the lease expressing the evident intent of the parties, the term of the lease did not begin until the building was ready for occupancy.

From that case we quote the following: "They had in mind, and the lease provides for, the erection of a building on the demised premises. They also contemplated and the lease specifies a ten-year term. As the lease was executed May 1, 1907, and as the term did not, by its express provision, begin until the 1st day of the succeeding August, it is only reasonable to suppose that the parties likewise considered that three months was an adequate period of time within which to erect a building. . . . Viewed in the light of the circumstances under which the lease was made and the matter to which it relates (Civ. Code, sec. 1647), it is not hard to conclude that the parties understood and fully intended that the period granted defendant to occupy and have possession of the premises began when the building was completed and occupied and that the term of the lease was for the ten years thence next ensuing."

[5] The trial court in the instant case found that the leased building was completed by the 1st of February, 1913. The lease provided for a ten years' term after such completion. Hence, the term of the lease under such finding expired by the 1st of February, 1923. The court, however, also found in complete contradiction to the foregoing finding that the term of the lease expired on the thirtieth day of November, 1922. The last-mentioned finding, in view of the fact that the leased building was not completed and ready for occupancy as an apartment house, as found by the court, until the 1st of February, 1913, involves the incongruity that the lessee is made liable to pay rent for two months prior to the occupation of the building and before the same was ready for occupancy. These two findings cannot be reconciled. The determination of the main issue in the case depends upon whether or not the term of the lease expired the 1st of February, 1923, as follows from one of such findings, or two months before that time, as it is implied by the other

finding. This conflict in the findings of the trial court leaves the judgment without support.

"It is apparent we think that the findings above quoted are inconsistent and contradictory, and that the contradiction thus presented is not merely formal and about things not essential—such as frequently creeps into findings inadvertently. The contradiction is in our opinion important, material and fatal to the judgment, . . . and how can we take one of these findings as true and disregard others which are contradictory to it? The rule on this subject may safely be said to go this far at least, that where there are contradictory findings about matters material to the merits of the case and the determination of which one way or the other is essential to the correctness of the judgment, there the judgment cannot stand." (*Learned* v. *Castle,* 78 Cal. 459 [21 Pac. 12].) No judgment can properly be entered when the court finds both for the plaintiff and the defendant on a material issue. (*Reese* v. *Corcoran,* 52 Cal. 495; *Carman* v. *Ross,* 64 Cal. 249 [29 Pac. 510]; *Richards* v. *Dower,* 64 Cal. 62 [28 Pac. 113]; *Sloss* v. *Allman,* 64 Cal. 47 [30 Pac. 574]; *Gilman* v. *Curtis,* 66 Cal. 116 [4 Pac. 1094]; *Randall* v. *Hunter,* 66 Cal. 512 [6 Pac. 331]; *Kerns* v. *McKean,* 65 Cal. 411 [4 Pac. 404].)

[6] Respondent urges that even though a strict reading of the findings might indicate a conflict, it would be an immaterial one—that by the use of the word "by" the court did not find that the building was completed "on" the first day of February, 1913. The word "by" as used in the connection in which the court used it in finding that the building was completed and ready for occupancy by February 1st, means as soon as, not later than, February 1st—that that was the time the lessee was charged with occupancy, but could not possibly mean that it was completed and ready for occupancy two months earlier.

If the finding that the building was completed by February 1, 1913, be deemed correct—and there is no evidence to the effect that it was completed prior to that time—the lessor himself admitting that the building was not completed prior to that time, the term of the lease expired on February 1, 1923. On the other hand, if the finding that the total rental was fully paid up on November 30, 1922, be considered correct and be understood to mean that the term of the lease

expired on that day, such finding is in conflict with the terms of the lease as well as in conflict with the other finding that the building was completed and ready for occupancy for all purposes for which the same was leased by February 1st.

The point is made that under the terms of the lease the lessor could not invoke the right accorded a landlord under section 827 of the Civil Code, to change the terms of a tenancy from month to month and increase the monthly rental from $400 to $5,000, but from the view we have taken, this point becomes immaterial as the case must be reversed for the reasons given.

The judgment is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 27, 1927, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1927.