[Civ. No. 18038.   First Dist., Div. One.   Mar. 4, 1959.]

CHARLES ANDRES et al., Appellants, v. J. R. ARMSTRONG et al., Respondents.

Walter H. Medak for Appellants.

Breed, Robinson & Stewart for Respondents.

HANSON, J. pro tem.*—This is an appeal from an order setting aside a default and default judgment—a type of appeal that is becoming much too common.

The plaintiffs in their complaint filed on May 3, 1957, alleged that they purchased from the defendants a lot for the purpose of erecting a dwelling thereon, which fact was known to defendants; that the defendants represented, among other things, that a paved road would be constructed alongside the property and the lot would be safe to build a dwelling thereon; that the representations were false.

Numerous extensions to answer had been granted by counsel for plaintiffs to counsel for defendants. Finally, on August 12, 1957, plaintiffs' counsel mailed a letter to counsel for defendants in which he stated: "This is to advise that unless I should be served with an Answer in the above matter *by* Thursday, August 15, 1957, that I will enter Default." (Emphasis added.) On receipt of the letter on August 13, 1957, counsel for defendant requested and was granted an additional oral extension which plaintiffs' counsel by his affidavit stated was to authorize him to enter a default *on* August 19, 1957, unless a pleading was filed *"by"* said date and that written confirmation of said agreement was demanded of defendants' counsel. The written confirmation sent reads as follows: "Confirming our telephone conversation of this morning it is agreed that if the answer of J. R. Armstrong and wife are not on file *by* August 19, 1957, you will take their default. Default, however, will not be taken against the other defendants, giving us one week to submit an answer on their behalf. [Emphasis added.]

"We thank you for your many courtesies."

The pleading, duly signed and notarized, was tendered for filing on August 19, 1957, but earlier in the day counsel for plaintiff had obtained the entry of a default and so the pleading was refused.

Thereupon, the defendants on August 29, 1957, caused to be filed a motion to set aside the default which recited that the default was taken against defendants through their and their attorney's mistake, inadvertence, surprise or excusable

---

*Assigned by Chairman of Judicial Council.

neglect. The motion was accompanied by an affidavit of merits sworn to by defendant J. R. Armstrong, an affidavit by Ned Robinson, the attorney for defendants, and a proposed answer to the complaint which was not signed, but the original thereof which was tendered to the clerk on August 19, 1957, was signed and verified.

To the motion thus filed affidavits in opposition were filed by counsel for the plaintiffs along with an affidavit of his secretary. Upon the hearing before the court on September 10, 1957, the court granted the motion.

The plaintiffs are here contending that there is no ambiguity in the use of the word "by" in the letter of confirmation sent to him by counsel for defendants and that the word "by" as used means, in effect, "before." The answer is that Webster defines "by" as including "not later than," or "during." The same semantic problem presented itself in *Fanta* v. *Maddex,* 80 Cal.App. 513 [252 P. 630], where the court, at page 519, defined "by" as meaning "not later than." The superior court was of the same opinion in this case in granting defendants' motion.

It is interesting to note that, in his opening brief, plaintiffs' counsel sets out the letter of confirmation, but adds: "No pleadings having been filed *on* Monday, August 19, 1957, default was entered on said date against J. R. Armstrong and Frances E. Armstrong in *accordance with said letter.*" (Emphasis added.) Note in the above that the preposition used by plaintiffs is "on" and not "by." The uncontroverted fact is that default was taken early on August 19th before defendant had presented his answer for filing on that date. As is well stated by counsel for defendants: "But if we assume that literally, semantically, and technically appellants are correct in their contention that 'by' means 'before' the trial court's action was still proper. It seems elemental that regardless of the technical meaning of the word in question that there was an honest difference of opinion between respective counsel presenting a clear case of mistake or inadvertence."

▆ First of all, with respect to the fact that there is a direct contradiction between the statements of counsel as set forth in their affidavits as to when Mr. Armstrong signed the proposed answer, it is submitted that it was for the trial court to determine which statement was the truth.

In the case under submission we are dealing with two apparently competent and so far as is known reputable

members of the bar. There is no suggestion in the record or in the briefs of an allegation to the effect that one or the other of them committed perjury. Yet, the indisputable fact remains that each swore to a statement which is diametrically opposed to that sworn to by the other. One of them must be false. But because of the fact that there is nothing that would cause one to doubt the integrity of respective counsel, the logical inference, it is submitted, to be drawn from their contrary statements is only that one is mistaken and not that he is committing perjury. This was probably the conclusion reached by the trial court and that mistake apparently was resolved against plaintiffs and in favor of defendants. Consequently, can it be logically argued that there was no misunderstanding—no apprehending wrongly on the part of Mr. Robinson who believed he had through August 19th?

Instead of presenting a specific argument, plaintiffs in their brief examine each of the grounds set forth in Code of Civil Procedure, section 473, upon which relief from a default and default judgment might be predicated and conclude that none of the grounds exists.

In *Hover* v. *MacKenzie* (1954), 122 Cal.App.2d 852, 856 [266 P.2d 60], the court said: "Code of Civil Procedure, section 473 . . . is remedial in its nature and is to be liberally construed. [Citation.] The policy of the law is to have every litigated cause tried on its merits; and it looks with disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence or neglect [the statute uses the term "excusable neglect"] of his adversary. (14 Cal.Jur. 1075, § 116.) Reviewing courts have always looked with favor on orders excusing defaults and permitting controversies to be heard on their merits. *Such orders are rarely reversed, and never unless it clearly appears that there has been a plain abuse of discretion.* [Citation.] *Even in a case where the showing . . . is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application.* [Citation.] All presumptions will be indulged in favor of the correctness of the order, and *the burden is on the appellant to show that the court's discretion was abused.* [Citation.]" (Emphasis added.) See also *Yarbrough* v. *Yarbrough* (1956), 144 Cal.App. 2d 610, 614 [301 P.2d 426] and citations for a statement

of the rule that the order will not be disturbed *unless an abuse of discretion clearly appears,* and that appellate courts are more inclined towards upholding orders vacating defaults than affirming denials of such motions, in order to dispose of the cases, where possible, upon their merits.

No useful purpose will be served by a detailed recital of the interpretations that have been given to the meaning and applications of the words mistake, inadvertence, surprise, or excusable neglect set forth as grounds for relief in section 473 of the Code of Civil Procedure, and it must suffice to say that, while we have read plaintiffs' brief and argument with care, we see no ground for reversal.

Judgment affirmed.

Peters, P. J., and Bray, J., concurred.