[Civ. No. 6611.   Fourth Dist.   Mar. 2, 1961.]

HODGE SHEET METAL PRODUCTS (a Corporation), Appellant, v. PALM SPRINGS RIVIERA HOTEL et al., Defendants; IRWIN S. SCHUMAN, Respondent.

654

Phillips & Powers and Douglas C. Phillips for Appellant.

Thompson & Colegate and Roy W. Colegate for Respondent.

SHEPARD, J.—This is an appeal from the order granting defendant's motion to set aside default, entry of default, and default judgment.

The facts presented by the record before us are as follows: February 23, 1960, plaintiff filed an action against defendants Palm Springs Riviera Hotel, Mark Schuman, Erwin Schuman, and fictitiously named defendants, for foreclosure of an alleged materialman's lien in the alleged amount of $18,000.50, on certain real property. It alleged that all of the three named defendants were the owners of the property. The summons and complaint, however, were served only on Irwin Schuman, respondent herein. Instead of using a sheriff, constable or marshal, plaintiff's attorney chose to serve the summons and complaint himself, which he did on March 9, 1960. On March 22, 1960, no appearance having been made in the action by respondent, plaintiff's attorney filed his written request for default, the default was entered March 23, 1960, and judgment by default was entered March 25, 1960, against respondent alone, personally, and for foreclosure of the alleged lien. April 12, 1960, pursuant to the provisions of Code of Civil Procedure, section 473, respondent gave notice of motion to set aside the default, entry of default and judgment by default, on the ground, *inter alia,* that respondent's failure to appear and answer the complaint within the time allowed by law was due to mistake, inadvertence, surprise, and excusable neglect.

In support of his motion, respondent filed his affidavit setting forth, in substance, that at the time of the alleged service of summons and complaint, he was approached by a person introducing himself as attorney for this appellant; that such attorney handed respondent a paper and stated he did so on behalf of this appellant who was claiming a mechanic's lien against the hotel; that respondent then told said attorney that he was already aware of such lien; that a surety bond was in force from the general contractor to cover such liens; that therefore the lien did not affect respondent; that recourse lay against the surety bond; that the air conditioning installation involved in plaintiff's lien was defective; that when such defects were corrected, respondent was certain appellant would be paid; that respondent and said attorney together then inspected the duct system; that at no time did said attorney say what the paper was; that as a result of the conversation respondent assumed the papers were nothing more than a lien claim not requiring immediate attention and that an attempt would be made to rectify the defects pointed out to

the attorney and the matter would be settled; that respondent did not realize they contained a summons and complaint; that he laid them on the desk for later attention; that they were misplaced and that he was now advised they were a summons and complaint. Respondent also filed therewith his affidavit of merits and proposed answer, to neither of which any exception is taken by appellant. Appellant's attorney filed a counteraffidavit, alleging that he did advise respondent that the papers were a summons and complaint, but his counteraffidavit does not otherwise contradict the detailed facts set forth in respondent's affidavit.

## SUFFICIENCY OF AFFIDAVIT

Appellant's sole contention is that defendant's affidavit in support of his motion was not sufficient to authorize the trial court to grant relief under Code of Civil Procedure, section 473. With this contention we cannot agree.

It is true that the discretionary right in the trial court to set aside a default must be guided by legal principles and where the petitioner does not adequately show that surprise, mistake, inadvertence or excusable neglect, which are recognized by our statute as grounds to set aside a default, the order should not be granted. It is unnecessary to here burden the record with an extended discussion of the varying circumstances reviewed in the many cases that have gone before our appellate courts. We think the brief résumé of principles contained in *Baratti* v. *Baratti*, 109 Cal. App.2d 917, 921 [2-10] [242 P.2d 22], sufficiently covers most of the preliminary conditions necessary for our purposes, as follows:

"All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. [Citation.] No such showing is made in the present case. A mistake of fact is when a person understands the facts to be other than they are; a mistake of law is when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts. [Citation.] Inadvertence is defined as lack of heedfulness or attentiveness, inattention, fault from negligence. [Citations.] Inadvertence in the abstract is no plea on which to vacate a default. [Citation.] The 'surprise' referred to in section 473 is defined to be some 'condition or situation in which a party to a cause

is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against.' [Citation.] ■ The 'excusable neglect' referred to in the section is that neglect which might have been the act of a reasonably prudent person under the same circumstances. [Citation.] ■ A judgment will not ordinarily be vacated at the demand of a defendant who was either grossly negligent or changed his mind after the judgment. [Citation.] ■ To obtain relief a defendant must have acted within a reasonable time. [Citation.] ■ A party will not be relieved from his default unless he shows he acted in good faith and that his mistake, inadvertence, surprise or excusable neglect was the actual cause of his failure to appear.''

For more extended discussion, see *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610, 614-615 [5-8] [301 P.2d 426] ; *Caton* v. *Caton,* 131 Cal.App.2d 451, 458 [1-2] [280 P.2d 876] ; *Hughes* v. *Wright,* 64 Cal.App.2d 897, 903 [4] [149 P.2d 392] ; *Weinberger* v. *Manning,* 50 Cal.App.2d 494, 497 [1] [123 P.2d 531] ; *Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [1a-7] [164 P.2d 936].

■ However, our courts have repeatedly stated that it is the policy of our law to allow each contested cause to be tried on its merits. Code of Civil Procedure, section 473, is a legislative expression of this policy. ■ Our courts will indulge all presumptions and resolve all doubts in favor of orders setting aside defaults. An order setting aside a default under the provisions of Code of Civil Procedure, section 473, will not be reversed unless the record clearly shows an abuse of discretion. (*Beckley* v. *Reclamation Board,* 48 Cal.2d 710, 716 [4] [312 P.2d 1098] ; *Shively* v. *Kochman,* 23 Cal.App.2d 420, 421 [2] [73 P.2d 637] ; *Waybright* v. *Anderson,* 200 Cal. 374, 377 [1-3] [253 P. 148] ; *Beard* v. *Beard,* 16 Cal.2d 645, 648 [2] [107 P.2d 385] ; *DeMattie* v. *Henry,* 84 Cal.App.2d 15, 17 [1] [189 P.2d 774] ; *Hover* v. *MacKenzie,* 122 Cal.App.2d 852, 856 [1-6] [266 P.2d 60] ; *Andres* v. *Armstrong,* 168 Cal.App.2d 344, 347 [2-6] [335 P.2d 1005] ; *Davis* v. *Davis,* 185 Cal.App.2d 788, 790-791 [1-3] [8 Cal.Rptr. 874].)

■ In the case at bar, respondent's affidavit sufficiently warranted the court in believing that respondent was, in good faith, mistaken as to the fact of what the papers he received pertained to; that respondent in truth and in fact believed

that the papers he received were merely a claim of lien which did not demand immediate attention; that the conversation relating to the claim of lien, the defective workmanship and the examination thereof (not denied by appellant), was such as to reasonably confirm respondent's belief; that respondent's action in his presentation of motion for relief was prompt, and that respondent throughout was acting in good faith. The weighing of the veracity of the affidavit was in the province of the trial court. (*Baratti* v. *Baratti, supra,* 922 [12] ; *Jones* v. *Lindsey,* 114 Cal.App.2d 237, 239 [3] [250 P.2d 153] ; *Pearson* v. *Pearson,* 179 Cal.App.2d 360, 361 [1] [3 Cal. Rptr. 839].)

Under the circumstances of the case at bar, we find no abuse of discretion in the action of the trial court. In view of our opinion as hereinbefore set out, we find it unnecessary to discuss other points made by respondent in answer to appellant's contention.

The order appealed from is affirmed.

Griffin, P. J., and Coughlin, J., concurred.