Filed 5/21/25  Cohen v. Talasazan CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIYAHU COHEN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EYMUN TALASAZAN,<br><br>Defendant and Appellant. | B322259<br>(Los Angeles County<br>Super. Ct. No. 21SMCV00856) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Young, Judge. Affirmed.

John Sullivan for Defendant and Appellant.

Halo Law and Rafi Moghadam for Plaintiff and Respondent.

Defendant and appellant Eymun Talasazan (appellant) appeals from the trial court's order denying his motion to set aside default and default judgment entered in favor of plaintiff and respondent Eliyahu Cohen (respondent). Appellant contends the court erred in denying the motion because the evidence shows appellant acted diligently and reasonably believed he settled the case. We conclude the court reasonably found appellant was not entitled to relief from default and default judgment. Though appellant also challenges the damages award, the sufficiency of the pleadings, and the court's denial of his motion for new trial, we decline to decide those matters because appellant did not appeal the default judgment and the denial of the motion for new trial is not appealable. Thus, we affirm.

## BACKGROUND

### Respondent's lawsuit

#### *Allegations regarding the loan and appellant's failure to repay*

Appellant is an experienced real estate agent about twice respondent's age. When respondent was a teenager, appellant befriended him and acted as his mentor. After gaining respondent's trust, appellant borrowed $85,000 from him. Appellant promised to repay the money on November 20, 2017, in a signed written agreement. Appellant failed to repay the loan, falsely assured respondent he would repay, and eventually stopped communicating with respondent and absconded. Appellant's last communications with respondent assuring him of repayment were in October 2020.

### *Respondent's complaint*

On May 6, 2021, respondent sued appellant, asserting causes of action for breach of contract, fraud, and violation of Penal Code section 496, as well as a common count for money had and received. In addition to alleging appellant breached the written agreement by failing to repay the loan, respondent averred appellant's promise was fraudulent because appellant never intended to repay. Appellant allegedly used his position as an experienced businessman to take advantage of respondent, who was then a teenager and nearly half appellant's age. Respondent alleged appellant intended to deceive him into entrusting appellant with money and to mislead him into believing his money was safe. In addition to seeking damages for the $85,000 sum, respondent sought punitive damages, treble damages, prejudgment interest, and attorney's fees.

On May 7, 2021, respondent served the summons and complaint pursuant to Code of Civil Procedure section 415.20, subdivision (c), at 269 S. Beverly Dr., Unit 469, Beverly Hills, CA 90212, which is a private mailbox.[1] On July 2, 2021, respondent served the summons and complaint again by personal service.

## Procedural history

### *The default and default judgment*

On August 5, 2021, respondent requested entry of default against appellant, which the trial court granted the same day. In November 2021, respondent applied for entry of default judgment against appellant. Respondent requested a total of $1,148,380.44, which included the underlying damages of $85,000; treble

---

[1]     All undesignated statutory references are to the Code of Civil Procedure.

damages of $255,000; punitive damages of $765,000; interest of $33,976.71; costs of $806.23; and attorney's fees of $8,597.50. On November 22, 2021, default judgment was entered against appellant, with the total amount reduced to $633,380.44.

### *The motion to set aside default and default judgment*

On January 5, 2022, appellant moved to set aside the default and default judgment, contending the default and default judgment should be vacated under section 473, subdivision (b), because he acted timely and diligently to resolve the dispute despite never receiving notice of the default and default judgment. Appellant argued he did not know about the default and default judgment because respondent served litigation documents at an outdated address. Appellant averred he first learned of the default in late October 2021 from his brother, who heard of it from his conversation with respondent's brother. Appellant asserted he promptly attempted to resolve the situation thereafter.

Appellant claims he first tried to attend the November 2, 2021 case management conference, then attempted to discuss settlement with respondent's father the same day. Appellant asserts he reached a settlement in principle with respondent's father by November 4, 2021, but a settlement agreement never came. Appellant averred he later discovered on December 17, 2021, that default judgment was entered against him. Appellant claims he only learned of the default judgment in other litigation he was involved in when he was informed respondent had filed a notice of lien. Appellant argued, due to mistake or excusable neglect, he believed the action was settled and would go away once he paid the note with the recovery he expected from other litigation in which he was involved.

4

In addition, appellant contended the default and default judgment should be set aside on equitable grounds. Appellant argued the judgment was obtained through extrinsic fraud or mistake because respondent provided no notice of the default and served papers at an invalid address. Appellant also asserted respondent's father's settlement representations prevented him from moving to set aside the default before judgment was entered.

In opposition, respondent argued appellant's motion was untimely as he unreasonably moved for relief five months after default was entered. Respondent contended appellant's explanation for his five-month delay was based on a series of falsehoods. Respondent asserted appellant's service address is the same as that which he provided for other litigation and his real estate license. Respondent maintained he told appellant in writing that communications about the case had to go through respondent's counsel. Respondent argued his father never settled the action with appellant, and it was unreasonable for appellant to believe a third party could do so. Respondent averred he served appellant multiple times and that text communications show appellant was aware of the lawsuit as early as June 9, 2021.

### *The motion for new trial*

In the motion to set aside default, appellant also moved for a new trial on the grounds the judgment improperly awarded punitive and treble damages. Appellant contended the treble damages were improperly awarded because Penal Code section 496 did not apply to this action, a mere contract-fraud case. Further, appellant posited the trial court erred by also awarding punitive damages, causing the amount of the award to exceed due process limits. Appellant claimed his motion for new trial was

timely because the notice of entry of judgment was never properly served.

In opposition, respondent asserted the motion for new trial should be denied as untimely. Respondent argued the 15-day deadline to provide notice to seek new trial applied because the notice of entry of judgment was served on December 10, 2021. Respondent contended this deadline was jurisdictional and not extended based on manner of service.

### *The trial court's rulings*

In May 2022, the trial court denied appellant's motion to set aside default and default judgment pursuant to section 473, subdivision (b). While the court found the motion timely, it concluded the default was not the result of appellant's mistake, inadvertence, surprise, or excusable neglect. The court explained the evidence did not support appellant's claim respondent served documents at an invalid address because the address used for service was the same one appellant used in other litigation in 2021 and appellant did not deny using that address. The court observed the evidence contradicted appellant's claim he had not used the address where he was served in the past four years. Due to the evidence directly undermining appellant's claim regarding the address served, the court found appellant lacked credibility as a witness with respect to the motion.

Further, the trial court found appellant actually knew about the lawsuit before he was personally served. The court highlighted text messages between the parties showing appellant acknowledging the lawsuit in June 2021. The court concluded this fact showed appellant's lack of diligence in responding to the lawsuit notwithstanding respondent's prompt request for default 32 days after personal service.

6

The trial court also ruled appellant's inaction was unreasonable because there was insufficient evidence demonstrating appellant believed he was negotiating a settlement of the lawsuit. Specifically, the court found appellant presented no substantial evidence and failed to explain the basis for his belief that respondent's father had authority to negotiate a settlement on respondent's behalf.

In addition, the trial court ruled equitable relief was unavailable, as the default judgment was not entered due to any extrinsic fraud that occurred during appellant's alleged settlement negotiations with respondent's father. The court acknowledged possible errors in the amount of damages awarded but concluded this did not implicate any jurisdictional issues. The court explained that a timely motion or appeal was needed for relief from such errors.

The motion for new trial was denied as untimely. The court found the 15-day deadline (plus five days for mail service) under sections 659, subdivision (a)(2), and 663a, subdivision (a)(2), applied because respondent served notice of entry of judgment on December 10, 2021. The court concluded appellant's deadline to provide notice of motion was December 30, 2021, but appellant failed to do so until January 5, 2022.

Appellant timely appealed.

**CONTENTIONS ON APPEAL**

Appellant makes three main arguments. First, he contends the trial court erred in denying discretionary relief pursuant to section 473, subdivision (b), because the evidence shows he acted diligently and reasonably believed he settled the action. Second, he argues the court erred by denying his motion for new trial

7

because the motion was timely as the notice of entry of judgment was never properly served. Third, he asserts the damages award is excessive and improper because it is supported by insufficient evidence and the fraud and Penal Code section 496 claims fail to state a cause of action.

## DISCUSSION

**I.** **There is no appellate jurisdiction to review the damages award, the sufficiency of the pleadings, and the motion for new trial**

A defendant may challenge a damages award as excessive in an appeal from a default judgment. (*Uva v. Evans* (1978) 83 Cal.App.3d 356, 364–365; see *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303.) Further, "'[o]n an appeal from a default judgment an objection that the complaint failed to state facts sufficient to constitute a cause of action may be considered.'" (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1162.)

Appellant, however, never appealed from the underlying default judgment. "[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670.) "'[I]t is well "beyond liberal construction" to view an appeal from one order as an appeal from a "further and different order." [Citation.] "Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed."'" (*In re J.F.* (2019) 39 Cal.App.5th 70, 76.) "Care must be taken in drafting the notice of appeal to identify the order or judgment being

8

appealed so as not to mislead or prejudice respondent." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.)

While appellant asserts he appealed from the underlying judgment, the notice of appeal fails to provide information indicating appellant is appealing from the default judgment. Indeed, the notice explicitly references only the May 31, 2022 order and omits any reference to the default judgment. The notice indicates appellant is appealing from a judgment or order entered on May 31, 2022. The notice attaches the May 31, 2022 order on the motion to set aside default and default judgment and the motion for new trial. However, the default judgment was entered on November 22, 2021, over six months before the order on those motions. The notice of appeal does not reference the date of the default judgment. The notice provides no other information that even alludes to the default judgment.

The only other relevant information the notice of appeal provides is that appellant is appealing an order after judgment under section 904.1, subdivision (a)(2), and an order or judgment under section 904.1, subdivision (a)(3) to (13). None of these statutory provisions can be read as encompassing a default judgment. Indeed, the only judgments mentioned in these provisions are interlocutory judgments to redeem property from a mortgage thereof, partition actions, and payment of monetary sanctions over $5,000. (§ 904.1, subd. (a)(8), (9), (11).) Hence, the notice of appeal cannot be read as reaching the default judgment. We therefore lack jurisdiction to review the damages award and the sufficiency of the pleadings in connection with the default judgment.

Appellant also maintains he is appealing from the order denying the motion for new trial. However, "it has long been

settled that an order *denying* a motion for new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment." (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19.) Indeed, section 904.1, subdivision (a)(4), specifically makes an order *granting* a new trial appealable, not one denying new trial. (*Ibid.*) Thus, the order denying the motion for new trial may not be reviewed because appellant never appealed from the underlying default judgment.

Also, construing the notice of appeal in favor of its sufficiency would prejudice respondent, who argued appellant forfeited any challenge to the default judgment, and structured his briefing accordingly. Expanding the notice of appeal at this stage would unfairly broaden the scope of review and deprive respondent of the opportunity to fully address the merits of the default judgment. We thus decline to extend the doctrine of liberal construction beyond its intended limits. Accordingly, we conclude there is no appellate jurisdiction to review the damages award, the sufficiency of the pleadings, and the motion for new trial.

## II. The trial court reasonably found appellant was not entitled to relief from the default and default judgment

### A. *Standard of review*

A trial court's order denying relief from default and default judgment is scrutinized more carefully than an order permitting trial on the merits because the law favors disposing of cases on their merits. (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413 (*McClain*).) Nevertheless, "'[t]he standard for appellate review of an order denying a motion to set aside under section 473 is quite

limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.'" (*Id.* at p. 414.)

"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.) "Under the abuse of discretion standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'"" (*G.F. Galaxy Corp. v. Johnson* (2024) 100 Cal.App.5th 542, 551.)

**B.** *The court reasonably found the default and default judgment were not due to mistake, inadvertence, or excusable neglect*

Appellant contends the trial court abused its discretion by denying him relief pursuant to section 473, subdivision (b), because the default and default judgment were due to his mistake, inadvertence, and excusable neglect.[2] Appellant asserts respondent's litigation documents were served at an address he

---

[2] Appellant also argued in the underlying proceeding that he was entitled to equitable relief from the default and default judgment. However, appellant does not raise any arguments regarding equitable relief here. None of the equitable relief factors, such as extrinsic fraud or mistake and a meritorious defense (see generally *Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 97–98, 100), are discussed here. Thus, we will not review this specific issue. Regardless, the arguments appellant raised in his motion on this issue are substantially the same as those for relief under section 473, subdivision (b).

11

had not used in four years. Appellant maintains he lacked resources to retain counsel and was ignorant default could be entered quickly if he failed to timely respond. Appellant argues he reasonably believed he negotiated and reached a settlement with respondent's father. We disagree.

The discretionary relief portion of section 473, subdivision (b), provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).) "[T]he moving party bears the burden of establishing a right to relief." (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.) "[A] '"moving party . . . must show *diligence* in making the motion after discovery of the default."'" (*Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1145.) "'It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied.'" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 (*Hearn*).)

Appellant's motion involves his alleged mistake, inadvertence, or excusable neglect in responding to the default and default judgment. "A 'mistake' justifying relief may be either a mistake of fact or a mistake of law. 'A mistake of fact exists

when a person understands the facts to be other than they are . . . .'" (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1368.) "Only honest mistakes are grounds for relief under section 473." (*McClain, supra*, 39 Cal.App.5th at p. 418.) "Mistake is not a ground for relief under section 473, subdivision (b), when 'the court finds that the "mistake" is simply the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law . . . .'" (*Hearn, supra*, 177 Cal.App.4th at p. 1206.)

Inadvertence and excusable neglect have similar meanings under section 473, subdivision (b). "'Inadvertence is defined as lack of heedfulness or attentiveness, inattention, fault from negligence.'" (*Hodge Sheet Metal Products v. Palm Springs Riviera Hotel* (1961) 189 Cal.App.2d 653, 656.) "'The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief.'" (*Hearn, supra*, 177 Cal.App.4th at p. 1206.) As for excusable neglect, it "is generally defined as an error ""a reasonably prudent *person* under the same or similar circumstances might have made."""" (*Ambrose v. Michelin North America, Inc.* (2005) 134 Cal.App.4th 1350, 1354.) "A party seeking relief under section 473 on the grounds of excusable neglect bears the burden of demonstrating that the neglect was excusable in order to secure relief." (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1128.)

### 1. *The default*

Respondent served the summons and complaint twice on appellant. The first service was effected on May 7, 2021, when copies of the documents were left at appellant's private mailbox with the commercial mail receiving agency pursuant to section

13

415.20, subdivision (c). The second service was effected on July 2, 2021, by personal service. On August 5, 2021, default was entered against appellant. Appellant attested he failed to respond before default was entered because he lacked resources to retain counsel and was ignorant default would be quickly entered if he did not timely respond.

Appellant's failure to retain counsel and ignorance of the law do not constitute mistake, inadvertence, or excusable neglect under section 473. "'Although an honest mistake of law is a valid ground for relief where a problem is complex and debatable, ignorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief.'" (*Anderson v. Sherman* (1981) 125 Cal.App.3d 228, 238.) "'[A]ny alleged ignorance of legal matters or failure to properly represent himself can hardly constitute "mistake, inadvertence, surprise or excusable neglect" as those terms are used in section 473.'" (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413.) Here, the 30-day deadline to respond to the complaint is not a complex or debatable legal issue. Indeed, the summons warned that appellant had 30 calendar days to file a written response in court and may lose the case by default if his response was untimely. Appellant therefore only needed to review the summons and was not required to do his own research to ascertain the law. Appellant's ignorance of the law in this matter and negligence in reviewing the summons to ascertain it do not constitute mistake, inadvertence, or excusable neglect under section 473.

Further, substantial evidence shows appellant had longer than 30 days to respond to the lawsuit. Appellant suggested in his declaration he only learned of the lawsuit when he was

14

personally served on July 2, 2021. Appellant declared he never received any documents filed in this case because they were sent to a post office box (269 S. Beverly Dr., Unit 469, Beverly Hills, CA 90212) he had not used in four years. However, appellant used that same address in other litigation he was involved in during the same year, 2021. Moreover, appellant acknowledged this lawsuit in text messages with respondent as early as June 9, 2021.

The foregoing evidence directly refutes appellant's statements regarding how early he knew of this lawsuit and received documents filed therein. Given the evidence clearly controverts appellant's attestations, the trial court reasonably found appellant was not a credible witness for his motion. "In reviewing the trial court's factual findings regarding excuse and diligence, we defer to the trial court's assessments of credibility and the weight of the evidence and do not interfere with its determinations of these matters." (*McClain, supra*, 39 Cal.App.5th at p. 415.) Here, the court's assessment of appellant's credibility is based on substantial evidence. The court's determination on this matter is therefore entitled to deference. Accordingly, the court did not err in denying appellant relief from the default under section 473.

### 2. *The default judgment*

Appellant presents no other reason why the default was entered due to his mistake, inadvertence, or excusable neglect. While appellant maintains he was occupied in settlement negotiations with respondent's father, these discussions took place after November 2, 2021, almost three months after default had been entered. "'A party will not be relieved from his default unless he shows he acted in good faith and that his mistake,

15

inadvertence, surprise or excusable neglect was the *actual cause* of his failure to appear.'" (*Hodge Sheet Metal Products v. Palm Springs Riviera Hotel, supra*, 189 Cal.App.2d at p. 657, italics added.) "'An act is a cause in fact if it is a necessary antecedent of an event.'" (*Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 929.) Since the alleged settlement discussions took place long after default was entered, they could not have been an actual cause of the default. Appellant contends the trial court should have at least vacated the default judgment. But a default judgment cannot be vacated without also setting aside the default because that would be "an idle act." (See *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273 ["The trial court therefore could not set aside the default under Code of Civil Procedure section 473. And because it could not set aside the default, it also could not set aside the default judgment under Code of Civil Procedure section 473, because that would be "'an idle act."'"].)

Hence, because appellant fails to show the default should have been vacated, we need not consider whether the trial court erred in not vacating the default judgment based on the alleged settlement discussions. But even assuming *arguendo* this issue is dispositive, we conclude the trial court reasonably found appellant failed to show he mistakenly believed respondent's father, a third party, had authority to settle the case and had in fact done so with appellant. Appellant averred he started negotiating a settlement with respondent's father and brother after November 2, 2021. Appellant declared he believed respondent's father and brother had authority to negotiate a settlement. Appellant attested he reached a settlement on

16

November 4, 2021, with respondent's father, who agreed to provide appellant documentation of the agreement.

However, respondent submitted multiple text message exchanges showing he repeatedly told appellant as early as June 2021 that he had to confer with respondent's attorney regarding the lawsuit. Further, respondent's father submitted a declaration attesting he told appellant he was not and did not want to be involved in the lawsuit. Respondent's father told appellant he could do nothing about the lawsuit and that appellant had to confer with respondent's attorney. Respondent's father declared he never purported to settle the case with appellant and did not suggest he was authorized to do so.

Respondent's brother submitted a declaration indicating no settlement discussions ever happened with appellant. Respondent's brother told appellant he did not want to get involved in the case and that appellant needed to resolve the case with respondent and his attorney. Respondent's brother threatened appellant with a restraining order when appellant attempted to call and go to the house of respondent's father to discuss the lawsuit. Respondent's brother likewise attested he never purported to settle the case with appellant and did not suggest he was authorized to do so.

While appellant and respondent's father and brother had conflicting accounts of their exchanges, the court reasonably determined respondent's evidence was more credible, particularly in light of its finding appellant was not a credible witness in the proceeding. Respondent's text messages impugned appellant's claim he mistakenly believed respondent's father had authority to negotiate a settlement. As discussed earlier, mistakes must be based on honest beliefs to obtain relief under section 473. (See

17

*McClain, supra*, 39 Cal.App.5th at p. 418.) The court could reasonably conclude the evidence was insufficient to show appellant made a mistake of fact based on an honest belief.[3]

In short, the trial court reasonably found appellant was not entitled to discretionary relief from default and default judgment under section 473. The evidence shows appellant was properly served and knew about the lawsuit long before default was entered, and his ignorance of the 30-day deadline does not constitute mistake, inadvertence, or excusable neglect. Facts regarding the alleged settlement are not dispositive because they occurred long after default was entered and the court could not vacate only the default judgment. Even if those matters are dispositive, the court reasonably found appellant failed to demonstrate he mistakenly believed he negotiated a settlement with a third party, respondent's father, who had authority to settle the case. As to the remaining issues regarding the damages award, the sufficiency of the pleadings, and the motion for new trial, there is no appellate jurisdiction to review these matters because appellant failed to appeal the underlying default judgment.

---

[3] Appellant also asserts he acted diligently because he filed his motion only two months after judgment was entered. But, "[t]he six-month period runs from entry of default, not entry of judgment." (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.) Appellant's motion was relatively late because it was brought about five months after default was entered. This issue is nevertheless not dispositive here because appellant fails to show the default should be vacated pursuant to section 473, subdivision (b).

## DISPOSITION

The May 31, 2022 order denying the motion to set aside default and default judgment is affirmed. Respondent is awarded his costs on appeal.


CHAVEZ, J.

We concur:


LUI, P. J.


ASHMANN-GERST, J.