[Civ. No. 1698. First Appellate District.—February 3, 1916.]

## DOMENICO ROSSI, Appellant, v. G. GHIOTTO, Respondent.

DEFAULT JUDGMENT—ORDER SETTING ASIDE—CONFLICTING EVIDENCE—DISCRETION OF COURT.—On an appeal from an order setting aside a default judgment, where it appears that the order was based upon conflicting evidence, it will not be disturbed, as it was for the trial court to say which showing it would accept as the truth; and where it may be fairly inferred from the showing made by the defendant that his default was induced primarily by the conversations, conduct, and promises of the agent of the plaintiff, it cannot be said that the lower court abused its discretion in making the order complained of.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a default judgment. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Fabian H. Hillebrandt, for Appellant.

O'Gara & De Martini, for Respondent.

THE COURT.—This is an appeal in an action on a promissory note from an order vacating a default judgment entered against the defendant Ghiotto.

The showing made on behalf of said defendant in support of the motion to vacate was to the effect that the defendant,

a foreigner, spoke the English language imperfectly and could not read or write the same; that he was not a maker of the note, but signed the same only as a witness to the signatures of the real makers; that he had never before been a party to a lawsuit; that prior to the commencement of the action he had several consultations with an agent of the plaintiff who had been intrusted with the collection of the note for the purpose of making a settlement; that during those consultations the agent of the plaintiff always evinced a friendly disposition toward the defendant, and expressed a desire to help the latter in his difficulty over the note. Subsequently, on February 2, 1915, the agent of the plaintiff served the summons and a copy of the complaint in the action upon the defendant; that the defendant was unable to read the same, and he did not know and was not otherwise informed that if he failed to answer the same a default would be taken against him; that the agent of the plaintiff told him at that time that before being called upon to pay the note a day for the trial would be set, of which he would be notified, and that upon such trial in the presence of the judge he could make whatever defense he had to the action, and that no step would be taken toward a trial of the action until March 12, 1915; that the defendant had great confidence in the apparent friendship of the agent of the plaintiff and believed implicitly in the statements thus made; that the defendant did not learn that a judgment upon the note had been entered against him until March 9, 1915, whereupon he employed attorneys, who immediately instituted proceedings to set aside the judgment.

The defendant's showing in support of the motion was accompanied by a sufficient affidavit of merits. The plaintiff in reply made no showing that he would suffer any prejudice from the order vacating the judgment or that any injustice would result to him from a trial of the case upon the merits. He did, however, read in evidence upon the hearing of the motion affidavits which tended to contradict all the material averments of the defendant's affidavit; but in the presence of such a conflict in the evidence upon which the motion was heard and determined it is idle to urge upon this court considerations which go only to the weight of the evidence and the credibility of the parties making the respective affidavits. It was for the court below to say which showing it would accept as the truth, and inasmuch as it may be fairly inferred

from the showing made by the defendant that his default was induced primarily by the conversations, conduct, and promises of the agent of the plaintiff, we are not prepared to say that the lower court abused its discretion in making the order complained of. (See *Berri* v. *Rogero,* 168 Cal. 736, [145 Pac. 95].)

The order appealed from is affirmed.