that the digging of the ditch, which took less than a day, required heavy equipment which the appellant had and which was not available to the respondents. Moreover, they would have no right to dig a ditch across lands owned and controlled by other people, and there is no evidence that they could have received water had they built the ditch earlier, until something was done by the appellant to supply the water. There is evidence that Stafford also asked the appellant to put in the ditch three times between April 4 and April 9, that each time a promise was made to put in the ditch, that another request was made on April 14, and that the ditch was finally installed on the 17th. The contention here made is without merit, and the record sustains the court's action in not applying the minimizing rule relied on.

The judgment is affirmed.

Griffin, J., concurred.

[Civ. No. 3593. Fourth Dist. Feb. 24, 1948.]

JOHN DeMATTIE, Appellant, v. DEAN LESLIE HENRY, Respondent.

J. A. Chase and J. M. Lopes for Appellant.

Chester O. Hansen and John Said for Respondent.

BARNARD, P. J.—This is an action for damages arising out of an automobile accident. On March 27, 1947, summons was served on the defendant and by him turned over to his insurance carrier. On April 1, 1947, a representative of the insurance company, Mr. Owen, called on one of the attorneys for the plaintiff and obtained a written stipulation giving the defendant "to and including" April 26, 1947, in which to appear. No appearance was made within that time and on April 28, 1947, the default of the defendant was entered by the clerk. On the same day, a default judgment was entered against the defendant. The defendant then moved for an order setting aside the default judgment and permitting him to file his answer, which was submitted therewith. After a hearing on affidavits the motion was granted, and an order entered vacating and setting aside the default judgment and permitting the defendant to file his answer. From that order the plaintiff has appealed.

The appellant contends that there was no showing of mistake, inadvertence, surprise or excusable neglect; that no reasonable excuse for the default was offered; and that the court abused its discretion in vacating the judgment on the showing made.

By written stipulation the respondent was given to and including April 26, in which to appear. That day was a Saturday and a default was requested and taken on Monday, the 28th, the first day on which this would have been possible. It appears from Owen's affidavit that on April 1, he called on one of the attorneys for the appellant and stated to him that he was prepared to discuss the possibility of a settlement or, if the attorney preferred, that the summons and complaint would be referred immediately to counsel; that this attorney informed him that he was desirous of exploring the possibility of a settlement but was not then prepared to discuss its terms, because of the absence of his associate counsel, and because he did not then know

the amounts of the special damage; that affiant then asked for an extension of time in which to appear, so that the possibility of settlement could be thoroughly explored; that the attorney agreed to this and the stipulation was prepared giving them to and including April 26, in which to appear; that affiant again called on this attorney (on April 6) and discussed a settlement but was informed that the items of special damage were still undetermined; that affiant called on this attorney again (on April 16), at which time the attorney submitted a proposal of settlement; that affiant advised the attorney that this would be promptly submitted to his superiors; that affiant then stated that the time to appear provided in the stipulation was about to expire and the attorney replied ''That will be all right''; that affiant promptly submitted the attorney's proposition to his superiors, but before he received a reply thereto the default judgment was entered; and that affiant then called on these attorneys and asked them to set aside the default, which they refused to do.

None of the foregoing is denied, except with respect to what occurred on April 16. In that regard the attorney who had given the original extension of time, and with whom these conversations were had, stated in his affidavit that during the conversation on April 16, Owen had referred to the expiration date and stated, in effect, that the time was sufficient; that Owen stated he would submit the compromise proposal to his superiors and no further extension was needed; and that no additional time was requested and no statement was made by him that additional time would be granted. He further stated that if he used the expression ''That will be all right'' this was not said with the intention of referring to a further extension of time.

There is a clear conflict here as to the conversation on April 16, and its meaning and effect. As was said in *Bonfilio* v. *Ganger*, 60 Cal.App.2d 405 [140 P.2d 861] : ''The credence to be accorded to the affidavits, if in conflict, is a matter entirely within the discretion of the trial court.'' The following language from *Rossi* v. *Ghiotto*, 29 Cal.App. 550 [156 P. 974], is appropriate here:

''It was for the court below to say which showing it would accept as the truth, and inasmuch as it may be fairly inferred from the showing made by the defendant that his default was induced primarily by the conversations, con-

duct, and promises of the agent of the plaintiff, we are not prepared to say that the lower court abused its discretion in making the order complained of.''

The attorney who gave the original stipulation for time chose to enter into negotiations for a settlement in preference to having the matter turned over to an attorney. It was understood that appellant's counsel would submit an offer of settlement. The respondent's representative acted promptly, coming back on April 6, but the matter was delayed by appellant's counsel who took 16 days in which to prepare and submit his offer of settlement. Aside from the conflict with respect to what was said on April 16, it appears that this attorney claimed a default before a reply to his offer had been received, and after allowing the other party less time than he had himself taken. He then acted without withdrawing his offer, without notice of his intention to end the negotiations for a settlement, and without notice of his intention to require a prompt appearance within the time originally given. These circumstances were well calculated to mislead the other side, and furnish additional justification for the court's action in granting the motion. No abuse of discretion clearly appears. (*Tearney* v. *Riddle*, 64 Cal.App.2d 783 [149 P.2d 387], and under such circumstances the order of the trial court will not be disturbed. (*Stub* v. *Harrison*, 35 Cal.App.2d 685 [96 P.2d 979].)

The order appealed from is affirmed.

Griffin, J., concurred.