[Civ. No. 18480.   Second Dist., Div. Two.   Oct. 11, 1951.]

CLUESE REID et al., Appellants, v. JOHN A. KOESLAG et al., Respondents.

Leo Branton, Jr., for Appellants.

Gilman, Gilman & Shearer and Don L. Gilman for Respondents.

MOORE, P. J.—The motion of defendants to set aside a judgment quieting title in plaintiffs to a parcel of real property in the city of Los Angeles having been granted, plaintiffs have appealed from the order. They demand a reversal on the ground that the trial court abused its discretion and that the affidavit of merits and the answer do not show a meritorious defense to the action.

The complaint sued in three counts, to wit, declaratory relief, quiet title and ejectment. No appearance was made by defendants except through a "stipulation for judgment." Pursuant to that stipulation, judgment was granted quieting title and awarding possession. The decree was entered December 6, 1950. On December 15 defendants served and filed

their motion for an order setting aside the judgment on the ground of mistake, surprise and excusable neglect. In support thereof they filed the affidavit of Marie McWilliams and their proposed answer. The motion was granted December 21, 1950.

From the affidavit of Marie and the answer of both defendants it appears that in January, 1950, Mrs. McWilliams and her brother, John A. Koeslag, owned a home at 4182 Ascot Street in the city of Los Angeles reasonably worth $6,000. They were in need of money. That fact was evidently known to plaintiff Cluese Reid who called upon them. Mrs. McWilliams told him of their need for $2,300 in order to pay an existing mortgage, delinquent taxes and cost of repairs. Thereupon, Cluese proposed that he would lend defendants the sum demanded and would arrange for monthly payments thereon to be made in the sum of $34.50. Pursuant to Cluese's request on the 15th day of January, 1950, defendants presented to such plaintiff their title papers and the latter reiterated his former proposal and agreed that he would secure for them additional money with which to make such repairs and additions to their property as would increase their rental income. He thereupon requested defendants to sign documents and papers which he presented. Defendants being ignorant, uneducated and without knowledge concerning real estate transactions did not understand the contents of the papers presented, but acting upon false representations, signed them.

After the entry of the judgment, the defendants discovered on December 10, 1950, that the documents signed by them on January 15, 1950, were (1) a grant deed bearing date of January 30, 1950, whereby defendants conveyed to plaintiffs their home property and (2) a conditional sales agreement of the same date whereby they became the purchasers of the Ascot lot. The sales agreement obligated them to pay plaintiffs the sum of $2,588.50 with interest of 8 per cent in monthly installments of $34.50.

Defendants learned also that after procuring the grant deed from them, plaintiffs obtained a loan in the sum of $2,500 from the Liberty Savings and Loan Association of Los Angeles by representing themselves to be the owners. They received the amount of the loan from the lender.

Defendants alleged further in their proposed answer that at no time during their negotiations with Cluese Reid did he inform them that he was taking title to the property and reselling it to them or that he would mortgage their home.

At all times they believed the statements of Cluese Reid to the effect that it was necessary for them to sign the documents presented to them in order to consummate the proposed transaction and while believing and trusting Mr. Reid defendants signed the grant deed and the conditional sales agreement. After the entry of judgment, defendants discovered also that the amount of indebtedness owed by them upon the property on January 15, 1950, including interest and delinquent taxes was $1,738.25 and that the amount required to be paid by them under the conditional sales contract was $2,588.50.

It is alleged that the statements and representations of Cluese Reid in obtaining the execution of the grant deed and the conditional sales contract were false and fraudulent and were made for the purpose of securing title to defendant's property by fraud and deceit and that such statements and representation were known by Cluese Reid to be false at the time, but that defendants believed him and trusted him as their broker and while acting upon his representations signed both instruments; that at the time of his transaction with defendants Cluese Reid was a licensed real estate broker; was employed by defendants to procure a loan for them and by reason of such relationship they trusted and relied upon him.

In her separate affidavit, Marie McWilliams avers that the purpose of herself and her brother in transferring title of their home to plaintiffs was to obtain a loan and not of selling the same to plaintiffs; that she did not know the contents of the agreement; that no copy thereof was given to her; that after defendants had been sued in this action they called upon Mr. Reid who in turn referred them to Attorney Branton; that the attorney did prepare an agreement whereby defendants would make certain payments upon the conditional sales contract and upon the payments in arrears; that he asked Marie to sign the writing and stated to her that no action would be taken against her because of the signing of such agreement; that it is true that she signed the stipulation for a judgment to be entered and paid $15 court costs; that thereafter the decree was entered and a writ of possession was issued and defendants were removed from the property by the sheriff. Marie states also that at the time of signing the several documents presented to her by plaintiffs and their counsel that she did not know, nor did her brother know the effect of any of such documents; that she signed

what she supposed to be an agreement to make the payments regularly and to pay up all sums in arrears.

Plaintiffs filed certain affidavits for the purpose of showing that the meaning of the stipulation and the other writing prepared in October, 1950, were understood by defendants. Inasmuch as the court below adopted the evidence offered by defendants as against that of Messrs. Branton and Thomas, an extended discussion of the latter would be of no avail. The affidavit of Cluese Reid, in addition to the allegations that he told Marie to get an attorney to answer his complaint and that he would be agreeable to anything that she and Mr. Branton worked out, avers that he had expended $240 as sheriff's cost in ousting defendants and $500 in improving the property and that he will be irreparably harmed if the judgment should be set aside, and that security should have been furnished appellants against loss.

There was no error in the court's order setting aside the judgment. The allegations of the answers and the averments of Mrs. McWilliams are such as to require the court to grant the relief demanded in view of the showing made by defendants. Mr. Reid was a broker; he solicited the business of procuring a loan for defendants and was employed. Defendants were the owners of the Ascot property; Mr. Reid acting on behalf of his wife and himself accepted the deed from Mrs. McWilliams and borrowed money from a public institution; paid off the existing mortgage and retained the balance of the borrowed money. Plaintiffs paid no consideration for the property but on the contrary collected in excess of $600 as a profit upon the fraudulent deal.

When Mrs. McWilliams at the suggestion of Mr. Reid called upon Attorney Branton, the latter might with propriety have referred her to the public defender or to some legal clinic for advice with reference to the suit which Reid had filed against defendants. Such treatment of Mrs. McWilliams by Cluese Reid and his conduct hereinabove detailed were properly considered by the trial court as additional circumstances showing that defendants had made such a mistake or series of mistakes as to invoke the aid of the chancellor.

The granting of relief from a judgment or order is vested in the sound discretion of the court and it is only when such discretion has been abused that the appellate court will disturb the order made. (*Jones* v. *Title Guaranty & Trust Co.,* 178 Cal. 375, 376 [173 P. 586] ; *Keller* v. *Keller,* 91 Cal.App.2d 39, 41 [204 P.2d 361] ; *Raines* v. *Damon,* 89 Cal.App.2d 812,

816 [201 P.2d 886]. See Judgments, § 115, Cal.Jur., vol. 7, 10-Yr. Supp., 1950.)

■ Credence to be accorded affidavits if in conflict on a motion to set aside an order on the ground of mistake is a matter entirely within the discretion of the trial court. (*de Mattie* v. *Henry,* 84 Cal.App.2d 15, 17 [189 P.2d 774].)

■ On appeal from an order granting relief from a default it will be assumed that the lower court believed the statement of facts as made by the prevailing party. (*Ackerman* v. *Beach,* 104 Cal.App. 299 [285 P. 895].)

■ The answer of defendants as well as the affidavit of Mrs. McWilliams show that they have a meritorious defense. If the averments of such pleading and affidavit can be substantiated at a trial, the court will be obliged to find that the plaintiffs acting through Mr. Reid defrauded defendants and thereby gained title to the property without their knowledge. After he had called upon them and solicited their patronage and been employed it was incumbent upon him as their confidential agent not to seek to make a profit in addition to his brokerage without fully explaining his purpose. He placed them in a position whereby their default in complying with their agreement gave him the whip hand.

■ It is the policy of the law to favor wherever possible trial of an action on its merits and appellate courts will affirm an order requiring a trial upon the merits when it appears that a substantial defense can be made. (*Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148] ; *Downing* v. *Klondike Min. & Mill. Co.,* 165 Cal. 786, 788 [134 P. 970].)

■ The policy of the law looks with disfavor upon a party who without regard to the merits of his case attempts to take advantage of a mistake, inadvertence or neglect of another in a transaction ''and where the action of the trial court will result in a trial upon the merits, the appellate courts are very reluctant to interfere with the exercise of such discretion, and will do so only where it clearly appears that there has been a plain abuse of discretion.'' (*Berri* v. *Rogero,* 168 Cal. 736, 741 [145 P. 95].) Discretion has no office to perform in cases where it is definitely clear that a party is entitled to relief, but even in doubtful cases where an impartial mind would hesitate whether the excuse offered for the mistake or excusable neglect is with or without merit the judgment of the court below will not be disturbed.

■ Appellants insist that in the absence of a personal showing by defendant Koeslag the court erred in vacating.

the judgment as to him. The answer of both defendants is verified and since it presents grounds for relief from the judgment Mr. Koeslag's own separate affidavit was not necessary.

Plaintiffs argue that the order was inequitable in that it required payment of no penalty as a condition to vacating the judgment. It has already been shown that by the transaction plaintiffs profited in a sum exceeding $600. In addition thereto they have the sum of about $300 paid by defendants in discharge of the contract of purchase. Moreover, plaintiffs are now in possession and have rented the property from which they receive $95 per month. In this situation there is an abundance of protection for plaintiffs against loss.

Order affirmed.

McComb, J., concurred.