[Civ. No. 20521.   First Dist., Div. One.   Oct. 24, 1962.]

Estate of ARNOLD O. MOHR, Deceased.   MARGARET SPARKS, Petitioner and Appellant, v. ELEANOR A. MOHR, as Executrix, etc., Devisee and Respondent.

Joseph M. Wapner and Martin B. Berman for Petitioner and Appellant.

Robert J. Foley, Lawrence D. Saler and Richard L. Doutt for Devisee and Respondent.

SULLIVAN, J.—Appellant Margaret Sparks has appealed upon a partial clerk's transcript from an order of the probate court denying her motion to set aside a decree of settlement of final account and of final distribution.

Appellant is the daughter and respondent Eleanor A. Mohr is the widow, executrix and sole legatee and devisee of the last will of Arnold O. Mohr, which was admitted to probate in the court below.  The will, a holograph, made no provision for, or mention of appellant, in any way.  It is conceded that appellant had notice of the will and of the filing of the petition for its probate.  However, during the subsequent administration of the estate, appellant initiated no proceedings pursuant to section 1080 of the Probate Code to assert any claim that she was a pretermitted heir of the decedent or entitled to

distribution of any part of his estate. On March 30, 1961, the court below entered its decree of final distribution under which all of the estate in the hands of the executrix and all after-discovered property was distributed to the respondent widow according to the terms of the will. The estate in the hands of the executrix consisted of three items of property, specifically described in the decree, which was all of the property described in the inventory. No appeal was taken from the above decree of distribution.

On September 15, 1961, almost six months after the entry of the above decree, and after it had become final, appellant filed a notice of motion to vacate it and set it aside ''on the grounds that the inventory . . . filed in the within entitled matter did not include all of the decedent's assets.'' The notice recited that the motion would be based on the declaration of appellant filed therewith and on the records and files of the action. Appellant's declaration was generally to the effect that at the time of his death, her father owned certain personal property which had not been inventoried. Appellant's present counsel also filed a declaration stating that on June 13, 1961, he had written to respondent's counsel advising the latter that, according to information received from appellant, the executrix had not inventoried all of the decedent's assets and inquiring whether respondent's counsel would be willling to stipulate that the decree of distribution be set aside and an amended inventory filed. The declaration generally described the communications between counsel on the subject and the unsuccessful efforts of appellant's counsel to achieve the desired objective. The respondent Eleanor A. Mohr also filed a declaration in opposition to the motion, which we deem unnecessary to set forth in detail. In it respondent described the various articles of property claimed to have been omitted from the inventory and took the position that none of them were properly includable therein. A hearing was apparently had on the motion on October 4, 1961. The record before us contains no transcript of such proceedings. Thereafter, counsel presented certain arguments and authorities in letter form. On November 20, 1961, appellant's motion was denied, the court stating no reason for such action.

Appellant's motion does not indicate the legal theory upon which appellant invoked the relief sought. The letters from counsel to the probate judge, included in the present record, disclose that after the hearing appellant's counsel took the position that the basis of the motion was ''because of the fraud

perpetrated on the court in not setting forth all of the assets. This is extrinsic fraud, and in such situations, a motion is timely *whenever made."* (Original emphasis.)[1] In her opening brief filed here (appellant has filed no closing brief), appellant again adverts to the fact that her motion was timely made stating that "[w]hile it is true that at one time a motion under Section 473 of the Code of Civil Procedure had to be orally made within six months after a ruling," it is now settled that the motion is deemed to have been made when the notice thereof is duly served and filed, citing section 1005.5, *Gardner* v. *Trevaskis* (1958) 158 Cal.App.2d 410 [322 P.2d 545] dealing with section 473 and concluding with the statement that "[i]t is, therefore, obvious that the motion was timely." Despite the foregoing statement in her brief, appellant has in a letter to this court and on oral argument expressly stated that her motion was not based on section 473 but was based on extrinsic fraud. Although appellant bases such claim on the failure to inventory all assets, she does not point out either in the declarations filed in the probate court or in her brief here, how such failure, assuming it did exist, resulted in the denial or prevention of a fair adversary hearing to appellant so as to constitute extrinsic fraud.

Respondent contends that the order denying appellant's motion to set aside the decree of distribution is a nonappealable order. As we have pointed out, appellant has filed no closing brief answering this claim and has furnished this court with no authority establishing the appealability of the above order.

Section 1240 of the Probate Code specifies the orders in probate proceedings from which an appeal will lie. An order denying a motion to vacate and set aside a decree of settlement of final account and of final distribution is not one of the orders so specified and is therefore not appealable. (*Estate of Glassgold* (1950) 97 Cal.App.2d 859, 863 [218 P.2d 1016] (order denying motion under section 473 to vacate decree of final distribution) ; *Estate of O'Dea* (1940) 15 Cal.2d 637, 638 [104 P.2d 368] (order denying motion under section 473 to be relieved of default for failure to appear at trial) ;

---

[1]The record also shows that appellant's counsel previously contended that the motion was timely because filed within six months of the entry of the decree, although heard after the expiration of such period (Code Civ. Proc., § 1005.5), citing a case dealing with section 473 of the Code of Civil Procedure. Such claim apparently conveyed the impression at the outset that appellant was seeking relief under section 473 although her counsel advised the court below that he was not.

*Estate of Smith* (1959) 175 Cal.App.2d 803, 805 [1 Cal.Rptr. 46] (order denying motion to vacate order appointing administrator) ; *Estate of Nersisian* (1957) 155 Cal.App.2d 561, 567 [318 P.2d 168] (order denying motion to vacate and set aside decree of partial distribution) ; *Estate of Rouse* (1957) 149 Cal.App.2d 674, 679 [309 P.2d 34] (order denying motion under section 473 to vacate order settling final account and judgment decreeing distribution).)[2]　■　This is so whether the order denies relief sought under section 473 or under any other legal theory. As the court said in the *Estate of O'Dea, supra,* 15 Cal.2d 637, 639, ''[s]ection 1240 of the Probate Code is simply the re-enactment of subsection 3 of section 963 of the Code of Civil Procedure, and this court has on numerous occasions held that no appeal will lie from an order in probate denying relief under section 473 of the Code of Civil Procedure, or from *any other order not specified* in subsection 3 of section 963 of the Code of Civil Procedure, . . .'' (Emphasis added).

The purported appeal is dismissed.

Bray, P. J., and Molinari, J., concurred.

---

[2]A well-established and long recognized exception exists in the case of an appeal from an order granting a new trial in certain probate proceedings, such as will contests. (*Estate of Armstrong* (1937) 8 Cal.2d 204, 208 [64 P.2d 1093]; see *Estate of O'Dea, supra;* see generally 3 Witkin, Cal. Procedure, p. 2174.)